IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MASONRY INSTITUTE, BRICKLAYERS )
LOCAL 21 PENSION FUND, DISTRICT )
COUNCIL TRAINING CENTER FUND, )
AND  BRICKLAYERS AND STONE )
MASONS OF ILLINOIS DISTRICT COUN- )
CIL NO. 1 B.A.C. ANNUITY TRUST FUND, )
                          **Plaintiffs,** )
       **v.** )
RICK CLARK, INDIVIDUALLY AND )
d/b/a R & W CLARK CONSTRUCTION, )
INC., )
                        **Defendant.** )

```
FILED: JULY 10, 2008
08CV3916
JUDGE NORGLE
MAGISTRATE JUDGE VALDEZ
AEE
```

## C O M P L A I N T

Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, by and through their attorney, Robert B. Greenberg, of Asher, Gittler, Greenfield & D'Alba, Ltd., and complaining of Defendant, RICK CLARK, INDIVIDUALLY AND d/b/a R & W CLARK CONSTRUCTION, INC., allege as follows:

1.     This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2.     Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2).  Section 502(e)(2) states in relevant part:

Where an action under this subchapter is brought in a district
court of the United States, it may be brought in the district

–1–

where the plan is administered, where the breach took place,
or where a defendant resides or may be found, and process
may be served in any other district where a defendant resides
or may be found.

3.      The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4.      The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

5.      As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6.      Defendant is an employer engaged in an industry affecting commerce and maintains his principal place of business at 19418 - 97th Avenue, Mokena, Illinois 60448..

7.      Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8.      Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds

pursuant to the terms of the Collective Bargaining Agreement by which he was bound, all in violation of his contractual obligations and his obligations under applicable federal statutes.

9.    As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10.    Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform his obligations, but Defendant has refused and failed to perform as herein alleged.

11.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12.    Defendant is delinquent to the Funds for the period of January 1, 2005, through September 30, 2007, in the amount of $47,673.71.

13.    Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement.  Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

WHEREFORE, Plaintiffs pray:

(a)     That judgment enter in favor of Plaintiffs and against Defendant in the amount of $47,673.71.

(b)     That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs the amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c)     That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e)     That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(f)     For such other and further relief as the Court may determine just and proper.


/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558